**SANDERS LAW GROUP**
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
File No.: 121407
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON DIVISION

| | |
|---|---|
| Chaim Unger and Nechama Unger, Individually, and as Legal Guardians of a minor, "E.U." <br><br> Plaintiff, <br><br> v. <br><br> Scott H. Sekuler, P.C., d/b/a Scott H. Sekuler, Attorney at Law <br><br> Defendant. | Docket No: <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Chaim Unger and Nechama Unger, individually, and as legal guardians on behalf of "E.U.," a minor, (hereinafter referred to as "*Plaintiffs*"), by and through the undersigned counsel, complain, state, and allege against Scott H. Sekuler, P.C., d/b/a Scott H. Sekuler, Attorney at Law (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "F.D.C.P.A.").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New Jersey.

1

## PARTIES

5. Plaintiff Chaim Unger is an individual who is a citizen of the State of New Jersey residing in Ocean County, New Jersey.

6. Plaintiff Chaim Unger is a natural person allegedly obligated to pay a debt.

7. Plaintiff Chaim Unger is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Plaintiff Nechama Unger is an individual who is a citizen of the State of New Jersey residing in Ocean County, New Jersey.

9. Plaintiff Nechama Unger is a natural person allegedly obligated to pay a debt.

10. Plaintiff Nechama Unger is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Plaintiff E.U. is a minor individual who is a citizen of New Jersey, residing in Ocean County, New Jersey.

12. Plaintiff E.U. is a natural person allegedly obligated to pay a debt.

13. Plaintiff E.U. is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. On information and belief, Defendant Scott H. Sekuler, P.C., d/b/a Scott H. Sekuler, Attorney at Law, is a New Jersey law firm whose sole proprietor is Scott H. Sekuler, and whose principal place of business is in Monmouth County, New Jersey.

15. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

16. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

17. The principal purpose of Defendant's business is the collection of such debts.

18. Defendant uses the mails in its debt collection business.

19. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

20. Congress enacted the F.D.C.P.A. upon finding that debt collection abuse by third-party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

21. The purpose of the F.D.C.P.A. is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 302 (3d Cir.

2014); *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 453 (3d Cir. 2006).

22. To further these ends, "the F.D.C.P.A. enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 419 (3d Cir. 2015) citing *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

23. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the F.D.C.P.A. Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. "The standard is an objective one, meaning that the specific plaintiff need not prove that *she* was actually confused or misled, only that the objective least sophisticated debtor would be." *Jensen*, 791 F.3d at 419 citing *Pollard v. Law Office of Mandy L. Spaulding,* 766 F.3d 98, 103 (1st Cir. 2014) ("[T]he F.D.C.P.A. does not require that a plaintiff actually be confused.").

24. Instead, "the test is how the least sophisticated debtor—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991) *overruled on other grounds by Riccio v. Sentry Credit, Inc.*, 954 F.3d 582 (3d Cir. 2020) (statutory notice under the Act is to be interpreted from the perspective of the "least sophisticated debtor.").

25. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the F.D.C.P.A. protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Brown,* 464 F.3d. at 453 (quoting *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993)). "'Laws are made to protect the trusting as well as the suspicious.'" *Brown,* 464 F.3d at 453 (quoting *Federal Trade Comm'n v. Standard Educ. Soc'y,* 302 U.S. 112, 116, 58 S.Ct. 113, 82 L.Ed. 141 (1937)); *Lesher v. L. Offices Of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011).

26. "The F.D.C.P.A. requires that collection letters must present certain information in a non-confusing manner." *Morse v. Kaplan,* 468 F. App'x 171, 172 (3d Cir. 2012). A communication from a debt collector is considered deceptive under the F.D.C.P.A. if "it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Rosenau v.*

*Unifund Corp.,* 539 F.3d 218, 222 (3d Cir. 2008); *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) *as amended* (Sept. 7, 2000).

27. The F.D.C.P.A. is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011) ("The F.D.C.P.A. is a strict liability statute to the extent it imposes liability without proof of an intentional violation"); *Glover v. F.D.I.C.*, 698 F.3d 139, 149 (3d Cir. 2012) citing *Ellis v. Solomon & Solomon, P.C.,* 591 F.3d 130, 135 (2d Cir. 2010) ("To recover damages under the F.D.C.P.A., a consumer does not need to show intentional conduct on the part of the debt collector.").

## ALLEGATIONS SPECIFIC TO PLAINTIFFS

28. Defendant alleges Plaintiffs owe a debt (the "alleged Debt").

29. The alleged Debt is an alleged obligation of Plaintiffs to pay money arising out of a transaction in which the money, property, insurance, or services are primarily for personal, family, or household purposes.

30. The alleged Debt does not arise from any business enterprise of Plaintiffs.

31. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

32. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

33. At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, he alleged Debt was in default.

34. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by a letter dated October 15, 2020 (the "Letter"). (A true and accurate copy of the Letter is annexed hereto as "**Exhibit 1**.")

35. The Letter conveyed information regarding the alleged Debt.

36. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

37. The Letter was the initial written communication Plaintiffs received from Defendants concerning the alleged Debt.

38. The Letter was received and read by Plaintiffs.

39. 15 U.S.C. § 1692g protects Plaintiffs' concrete interests. Plaintiffs have the interest and right to receive a clear, accurate, and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

40. 15 U.S.C. § 1692e protects Plaintiffs' concrete interests. Accordingly, plaintiffs have the interest and right to be free from Defendant's deceptive and/or misleading communications. As set forth herein, Defendant deprived Plaintiffs of this right.

41. Plaintiffs' injuries are "particularized" and "actual" in that the Letter that deprived Plaintiffs of the aforementioned rights was addressed and sent to Plaintiffs specifically.

42. Plaintiffs' injuries are directly traceable to Defendant's conduct because Defendant sent the Letter, and but for Defendant's conduct, Plaintiffs would not have been deprived of the aforementioned right.

43. The deprivation of Plaintiffs' rights will be redressed by a favorable decision herein.

44. Plaintiffs justifiably fear that absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect the alleged Debt and other alleged debts.

45. Plaintiffs justifiably fear that absent this Court's intervention, Defendant will ultimately cause Plaintiffs additional economic harm.

46. A favorable decision herein would redress Plaintiffs' injuries with money damages and serve as a deterrent to the Defendant from engaging in future misconduct.

47. Plaintiffs' injuries are concrete and particularized.

## FIRST COUNT

48. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

49. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

50. 15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

51. 15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

52. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

53. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

54. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

55. A debt collector has the obligation, not just to convey the required information but also to convey such clearly.

56. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the F.D.C.P.A. if that information is overshadowed or contradicted by other language in the communication.

57. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the F.D.C.P.A. if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

58. Defendant's letter fails to inform Plaintiffs that they have the right to request the name and address of the original creditor, if different from the current creditor.

59. Defendants' Letter does not inform Plaintiffs' of their statutory right under 15 U.S.C. 1692g(5) to request the original creditor's information.

60. For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(a)(5) and are liable to Plaintiffs therefor.

**SECOND COUNT**

61. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

6

62. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

63. 15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

64. 15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

65. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

66. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

67. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

68. A debt collector has the obligation, not just to convey the required information, but to do so clearly.

69. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the F.D.C.P.A. if that information is overshadowed or contradicted by other language in the communication.

70. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the F.D.C.P.A. if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

71. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

72. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

73. Threatening to take legal action without explaining that such threat does not override the consumer's right to dispute the debt is a violation of 15 U.S.C. § 1692g(b).

74. Threatening to take legal action without explaining that such threat does not override the consumer's right to request validation of the debt is a violation of 15 U.S.C. § 1692g(b).

75. Threatening to take legal action without explaining that such threat does not override the consumer's right to request the name and address of the original creditor is a violation of 15 U.S.C. § 1692g(b).

76. The Letter threatens legal action against Plaintiffs before the expiration of the 30-day validation period.

77. The Letter provides: "It is possible for legal action to be instituted prior to the expiration of the aforementioned thirty (30) day time period. Legal action may be instituted *forthwith* in the absence of payment or satisfactory payment arrangements. Your prompt and immediate attention to this matter is most strongly suggested." (the "Threat of Legal Action") (emphasis added).

78. The Letter contains no statement pertaining to Plaintiffs' rights following the Threat of Legal Action.

79. The Letter fails to advise that the Threat of Legal Action does not override the Plaintiffs' right to dispute the alleged Debt.

80. The Letter fails to advise that the Threat of Legal Action does not override the Plaintiffs' right to request validation of the alleged Debt.

81. The Letter fails to advise that the Threat of Legal Action does not override the Plaintiffs' right to request the name and address of the original creditor.

82. Upon reading the Threat of Legal Action, the least sophisticated consumer could reasonably interpret the Letter to mean that even if she exercises her validation rights, had she been clearly and unequivocally informed of them, she could nevertheless face legal action.

83. Upon reading the Threat of Legal Action and in the absence of any further explanation, the least sophisticated consumer could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt within the statutory period, she could face Legal Action, even during the verification process.

84. The Letter fails to set forth the required validation notice under § 1692(g) clearly and unequivocally.

85. As a result of the foregoing, the Letter discourages the least sophisticated consumer from exercising her right to dispute the alleged Debt because it does not inform her of these rights.

86. As a result of the foregoing, the Letter would prevent the least sophisticated consumer from exercising her right to request validation of the alleged Debt because it threatens to bring legal action before the expiration of the required thirty-day validation period.

87. As a result of the foregoing, the Threat of Legal Action would likely confuse the least sophisticated consumer regarding her rights under the statute.

88. As a result of the foregoing, the Threat of Legal Action during the statutory validation period makes the least sophisticated consumer uncertain as to her rights.

89. Defendant violated 15 U.S.C. § 1692g(b) as the Threat of Legal Action overshadows the disclosure of the consumer's right to dispute the alleged Debt.

90. Defendant violated 15 U.S.C. § 1692g(b) as the Threat of Legal Action overshadows the disclosure of the consumer's right to request validation of the alleged Debt.

91. Defendants violated 15 U.S.C. § 1692g(b) as the Threat of Legal Action is inconsistent with the disclosure of the consumer's right to dispute the alleged Debt.

92. Defendant violated 15 U.S.C. § 1692g(b) as the Threat of Legal Action is inconsistent with the disclosure of the consumer's right to request validation of the alleged Debt.

93. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

94. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

95. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e, even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon,* 988 F.2d at 1318.

96. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon,* 988 F.2d at 1319.

97. A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate, so long as the inaccurate reading is not "bizarre or idiosyncratic[.]" *Disla v. Northstar Location Services, L.L.C.,* 16-CV-4422, 2017 WL 2799691, at *2 (D.N.J. June 27, 2017) quoting *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 455 (3d Cir. 2006). (Internal quotations omitted).

98. The least sophisticated debtor could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless face Legal Action.

99. Upon reading Threat of Legal Action and in the absence of any further explanation, the least sophisticated consumer could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt, she could face Legal Action even during the verification process.

100. Because the Letter is open to more than one reasonable interpretation, it violates 15 U.S.C. § 1692e.

101. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, it violates 15 U.S.C. § 1692e.

102. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e, and 1692e(10) and is liable to Plaintiff therefor.

## THIRD COUNT

103. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

104. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

105. 15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

106. 15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

107. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

108. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

109. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

110. A debt collector has the obligation not just to convey the required information but also to convey such information clearly and unequivocally.

111. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the F.D.C.P.A. if that information is overshadowed or contradicted by other language in the communication.

112. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the F.D.C.P.A. if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

113. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

114. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

115. Demanding payment during the 30-day validation without explaining that such demand does not override the consumer's right to dispute the debt is a violation of 15 U.S.C. § 1692g(b).

116. Demanding payment during the 30-day validation without explaining that such demand does not override the consumer's right to request validation of the debt is a violation of 15 U.S.C. § 1692g(b).

117. Demanding payment during the 30-day validation without explaining that such demand does not override the consumer's right to request the name and address of the original creditor is a violation of 15 U.S.C. § 1692g(b).

118. The Letter demands payment during the 30-day validation.

119. The Letter provides:

> "If you do not contact our office and make arrangements for payment of this matter, we will proceed in accordance with the instructions of our client with regard to collection. Legal action against you may be authorized, which may increase the amount for which you will ultimately be responsible. It is possible for legal action to be instituted prior to the expiration of the aforementioned thirty (30) day time period. Legal action may be instituted forthwith in absence of payment or satisfactory payment arrangements. Your prompt and immediate attention to this matter is most strongly suggested. Please forward all checks to this office, made payable to the undersigned."

120. The Letter contains no statement pertaining to Plaintiffs' rights following the demand for payment.

121. The Letter fails to advise that the Demand for Payment does not override the Plaintiffs' right to dispute the alleged Debt.

122. The Letter fails to advise that the Demand for Payment does not override the Plaintiffs' right to request validation of the alleged Debt.

123. The Letter fails to advise that the Demand for Payment does not override the Plaintiffs' right to request the name and address of the original creditor.

124. Upon reading the Letter, the least sophisticated consumer could reasonably interpret the Letter to mean that even if she exercises her validation rights, she must nevertheless pay the amount of the alleged Debt owed, even before receiving validation of the alleged Debt.

125. Upon reading the Demand for Payment and in the absence of any further explanation, the least sophisticated consumer could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt, she must nevertheless make a payment or payment arrangments even during the verification process.

126. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the alleged Debt.

127. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the alleged Debt.

128. As a result of the foregoing, the Letter would likely confuse the least sophisticated consumer regarding her rights under the statute.

129. As a result of the foregoing, the Letter would make the least sophisticated consumer uncertain as to her rights.

130. Defendants violated 15 U.S.C. § 1692g(b) as the language of the Letter overshadows the disclosure of the consumer's right to dispute the alleged Debt.

131. Defendants violated 15 U.S.C. § 1692g(b) as the language of the Letter overshadows the disclosure of the consumer's right to request validation of the alleged Debt.

132. Defendants violated 15 U.S.C. § 1692g(b) as the language of the Letter is inconsistent with the disclosure of the consumer's right to dispute the alleged Debt.

133. Defendants violated 15 U.S.C. § 1692g(b) as the failure to include proper validation notice is inconsistent with the disclosure of the consumer's right to request validation of the alleged Debt.

134. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

135. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

136. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e, even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon,* 988 F.2d at 1318.

137. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon,* 988 F.2d at 1319.

138. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis,* 269 F.3d at 161.

139. The least sophisticated consumer could reasonably interpret the Letter to mean that even if she exercises her validation rights, she must nevertheless pay or make payment

arrangements.

140. Upon reading Demand for Payment and in the absence of any further explanation, the least sophisticated consumer could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt, she must nevertheless pay the alleged Debt even during the verification process.

141. Because the Letter is open to more than one reasonable interpretation, it violates 15 U.S.C. § 1692e.

142. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, it violates 15 U.S.C. § 1692e.

143. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e, and 1692e(10) and is liable to Plaintiff therefor.

## JURY DEMAND

144. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment be entered:

    a. Finding Defendants' actions violate the F.D.C.P.A.; and

    b. Granting damages against Defendants pursuant to 15 U.S.C. § 1692k; and

    c. Granting Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    d. Granting Plaintiffs' costs, all together with such other relief that the Court deems just and proper.

DATED: September 15, 2021

**SANDERS LAW GROUP**

By:   */s/ Joenni Abreu*
Joenni Abreu, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Email: jabreu@sanderslaw.group
File No.: 121407
*Attorneys for Plaintiff*